DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ABRAHAM FINE (CABN 292647)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6488
    FAX: (415) 436-7234
    Abraham.fine@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO. 20-CR-0084-EMC |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **UNITED STATES' STATEMENT OF NON-OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE AND REQUEST FOR SPEEDY TRIAL ACT EXCLUSION** |
| v. | ) | |
| KELVIN CHEN, | ) | |
| Defendant. | ) | |

1    The government does not oppose defendant's request to vacate all court proceedings, to set a status hearing after May 1, 2020, and to allow the parties to seek a hearing before that date if videoconferencing becomes available. The government asks that a status hearing be set in this matter for as soon after May 1, 2020, as is possible.

The government agrees with the defense that the time between March 16, 2020, and the next status date, but at least until May 1, 2020, should be excluded from any time limits applicable under the Speedy Trial Act, 18 U.S.C. § 3161. An exclusion of time is appropriate for the reasons set forth in the defense's motion and because:

The Court may appropriately exclude time on ends-of-justice grounds. The country's public health interest in stemming the spread of COVID-19 outweighs the interest of the "public and the defendant in a speedy trial." § 31671(h)(7)(A); *see also Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981) (finding no Speedy Trial Act violation where the district court granted an ends-of-justice continuance following the eruption of Mt. St. Helens).

A failure to grant the requested continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence because his/her ability to meet with the client and review discovery may be constrained by shelter-in-place and quarantines. § 3161(h)(7)(B)(iv). Furthermore, the government has produced discovery in this case, and it understands that the defense is still reviewing that discovery.

DATED: March 17, 2020                                          Respectfully submitted,

                                                               DAVID L. ANDERSON
                                                               United States Attorney


                                                               _____/s/_____
                                                               ABRAHAM FINE
                                                               Assistant United States Attorney