DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ABRAHAM FINE (CABN 292647)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6488
    FAX: (415) 436-7234
    Email: Abraham.Fine@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 20CR0084 EMC |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | Date: September 9, 2020<br>Time: 2:30 p.m. |
| KELVIN CHEN, | Hon. Edward M. Chen |
| Defendant. | |

    Defendant Kelvin Chen stands before the Court having pleaded guilty to one count of possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). Specifically, Defendant possessed approximately 60 videos and 4,600 images of child pornography, which depicted children as young as seven years old. Accordingly, the United States respectfully submits this memorandum in support of its recommendation that the Court sentence Defendant to 51 months of imprisonment, which is at the low end of the applicable Sentencing Guidelines range. In addition, the United States respectfully recommends that the Court sentence Defendant to five years supervised release to follow, a $2,000 fine, and a $5,100 mandatory special assessment.

# OFFENSE CONDUCT

The PSR accurately describes the offense conduct. PSR ¶¶ 5-27. In summary, the United States Department of Homeland Security's Cyber Crimes Center discovered a website hosting a large amount of child pornography. *Id.*, ¶ 6. The website maintained a VIP section, which allowed users to pay for access to various child pornography content. *Id.* Through its investigation, law enforcement traced an IP address that had downloaded a significant amount of child pornography to an address in San Francisco. *Id.*, ¶ 6. Law enforcement executed a search warrant at the San Francisco residence. Initially, Defendant denied he possessed child pornography, but later admitted that various electronic devices containing child pornography belonged to him. *Id.*, ¶¶ 10-12.

On Defendant's iMac computer, law enforcement found approximately 1,938 images and 38 videos involving the sexual exploitation of children. Examples of the child pornography found on Defendant's iMac include (*id.*, ¶¶ 18-20):

- An image depicting two 12 to 15-year-old boys, lying nude on their backs on a bed. Each boy has their hand on the other boy's penis and testicles.
- An image depicting an 11 to 14-year-old boy sitting nude on a bed with what appears to be an adult male lying on his back. The boy has his hand on the base of the shaft of the adult male's penis and is orally copulating the adult male.
- Many other files involving child erotica and bondage.

On Defendant's SanDisk thumbdrive, law enforcement found approximately 2,607 images and seven videos involving the sexual exploitation of children. Examples of the child pornography found on Defendant's thumbdrive include (*id.*, ¶¶ 21-23):

- An image of an approximately 10 to 13-year-old boy, lying on his back with his hands behind his neck. A second minor, appearing to be a male nude from the mid-chest up, was lying on his stomach with his right hand around the shaft of the first male's penis.
- An image of an approximately 10 to 13-year-old boy, appearing in two photographs on a single image file. The top photograph depicts the nude boy, except for wearing socks, lying down. The boy's feet are together but knees to the side forming a diamond shape.

        The boy is touching his erect penis with his right hand.  The second image on the bottom depicted the same male, lying on a bed with a tank top pulled up to his arms pit and underwear pulled down below his buttocks exposing his erect penis.

- An image of an approximately two to seven-year-old boy.  Only from the stomach to mid-thigh is captured in the photograph including the boy's uncircumcised penis and testicles.

        On Defendant's custom PC, law enforcement found approximately 116 images and 30 videos involving the sexual exploitation of children.  Examples of the child pornography found on Defendant's custom PC include (*id.*, ¶¶ 24-25):

- A 1:47 minute video depicted an approximately 14 to 16-year-old boy, nude from the waist down, wearing a pink colored tank toy sitting on a green colored sheet, masturbating until he ejaculates.
- A 1:40 minute video depicted a 13 to 16-year-old boy, nude from the waist down, wearing only a t-shirt while sitting on a chair, masturbating.
- A 3:33 minute video depicted a 13 to 16-year-old boy, sitting nude on a bed masturbating until he ejaculated onto his stomach.

        On February 20, 2020, Defendant was charged with a violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2) (Possession of Child Pornography).  *Id.*, ¶ 1.  He pleaded guilty on June 3, 2020, pursuant to a Rule 11(c)(1)(B) plea agreement. Id., ¶ 2-3.

## DISCUSSION

**I.  The Defendant's Sentencing Guidelines Calculation.**

        In the plea agreement, the parties agreed that Defendant's offense level should be calculated as follows:

    a.    Base Offense Level, U.S.S.G. § 2G2.2(a)(1):    18

    b.    Specific offense characteristics under U.S.S.G. Ch. 2

        The material involved a prepubescent minor    + 2
        (U.S.S.G. § 2G2.2(b)(2))

        The offense involved the use of a computer for the possession of the material    + 2
        (U.S.S.G. § 2G2.2(b)(6))

|   |   | The offense involved 600 or more images<br>(U.S.S.G. § 2G2.2(b)(7)(D), Note 6(B)(ii)) | + 5 |
|---|---|---|---|
|   | c. | Acceptance of Responsibility: | - 3 |
|   | d. | Adjusted Offense Level: | 24 |

The government agrees with Probation's conclusion that Defendant is a criminal history category I. PSR ¶¶ 47-51.  Accordingly, Defendant's Guidelines range is 51-63 months. *Id.* ¶ 90.

## II.  Sentencing Recommendation

### A.  Legal Standard

The United States Sentencing Guidelines serve as "the starting point and initial benchmark" of any sentencing process and are to be kept in mind throughout the process.  *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007).  The overarching goal of sentencing, as set forth by Congress, is for the Court is to "impose a sentence sufficient, but not greater than necessary."  *Carty*, 520 F.3d at 991.  In accomplishing that goal, the Court should consider the factors set forth under 18 U.S.C. § 3553(a), to include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct; and

(4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

### B.  The Government's Recommended Sentence  Is Sufficient But Not Greater Than Necessary

This is not a victimless crime.  By obtaining thousands of child pornography images and tens of videos, Defendant inflicted severe and lasting harm to the victims depicted in the child pornography materials—victims who were forced into sexually explicit activities and who must now cope with the knowledge that the recordings of their sexual abuse were, and continue to be, viewed by Defendant and

countless others for their own sexual gratification.

The children in these images are quite real. The effects of the abuse of these children continues every time these images are sought out and downloaded. As they age into adulthood, the victims will face the perpetual reality that they may be recognized. As the *New York Times* recently reported, in a multi-part investigation of the crisis of online sexual abuse:

> In interviews, victims across the United States described in heart-wrenching detail how their lives had been upended by the abuse. Children, raped by relatives and strangers alike, being told it was normal. Adults, now years removed from their abuse, still living in fear of being recognized from photos and videos on the internet. And parents of the abused, struggling to cope with the guilt of not having prevented it and their powerlessness over stopping its online spread.[1]

Here, with every download and with every viewing, Defendant re-inflicted grievous injury to each child victim. The children depicted in these images have to live with the reality that Defendant and others like him have created a marketplace for images capturing intensely personal and painful moments from what should have been their time of innocence. Knowing that adults who take pleasure in these moments are able to possess the images depicting such pain exacerbates the victims' suffering.

No doubt, the persons who make images such as those in Defendant's possession inflict terrible abuse on these youngest members of our society. The persons who trade on those images for profit or other selfish motive do likewise. Then there are those in society, like Defendant here, who want to view these images. They are the reason the market for these images exists.

There is a compelling need to deter future similar conduct, to deter like-minded individuals with an interest in child pornography. There is also a strong need to stop the supply and demand in the child pornography market to protect all minors from becoming victims and to protect victims from being re-victimized through the repeated viewing of the sexual abuse they endured. Deterrence is particularly important given how easily this crime can be committed and how easily it can be concealed. People who might have been reluctant to walk into a black-market store and ask for hard-core pornography involving toddlers feel freer to search and trade for such materials online, protected by aliases,

---

[1] Gabriel J.X. Dance and Michael H. Keller, *The Internet is Overrun with Images of Child Sexual Abuse. What Went Wrong?* N.Y. TIMES, Sept. 28, 2019, *available at* https://www.nytimes.com/interactive/2019/09/28/us/child-sex-abuse.html.

anonymous browsers, and encryption. In fact, a recent New York Times report described detection was "virtually impossible" in light of encryption technologies that are becoming more commonplace on common platforms for child pornography, such as those operated by Apple and Facebook.[2] A willing consumer of child pornography needs nothing more than a cell phone or a computer and can access and share pornography without leaving his house.

Given the seriousness of Defendant's conduct, given the lasting harm that the victims depicted in the child pornography Defendant possessed have suffered, and given the compelling need for deterrence, the government respectfully submits that a low-end Guidelines sentence of 51 months is appropriate in this case.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests the Court sentence Defendant to a term of imprisonment of 51 months, five years supervised release, a $2,000 fine, and a mandatory special assessment of $5,100.

DATED: September 2, 2020

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

/s/
ABRAHAM FINE
Assistant United States Attorney

---

[2] Gabriel J.X. Dance and Michael H. Keller, *Child Abusers Run Rampant as Tech Companies Look the Other Way*, N,Y, TIMES, Nov. 9, 2019, *available at* https://www.nytimes.com/interactive/2019/11/09/us/internet-child-sex-abuse.html.